HARRY S. KATZIN et al., respondents,

*v.*

HARRY KRUVANT, appellant.

[Decided January 31st, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, who filed the following opinion:

"This is a suit for specific performance. The contract under discussion gives the following description of the land to be conveyed: 'Being the premises located on the southwest corner of Plane and Academy streets, Newark, New Jersey, and better described in the survey made by Lehlbach Brothers, dated October 23d, 1920, and known as No. 46371 as described on said survey, and conveyance is to include the entire tract with the exception of that part of the tract which is set out on the said survey which is marked "6.61 over the line," which is in the rear of the tract to be conveyed, and it being only the left side of the rear, that part being formerly owned by one Vliet.' The contract is dated September 17th, 1925. At the time fixed for closing proper tender of deed was made, but the defendant refused to take title. He had had another survey made by Lehlbach Brothers which disclosed the same situation as set forth in the survey of 1920. Defendant's refusal is based upon alleged objections which appear upon the face of the survey of 1920 as well as on that of 1925. Defendant offered to show at the hearing that he had never seen the survey of 1920. I said, then, and still think, that as he signed the contract referring to the survey, and there is no allegation of fraud, he was presumed to have notice of it. He had an opportunity to inspect it, and if he did not do so it was his own fault. He is a real estate operator of large experience and knew he was entering into

a contract involving about $145,000. If he did not choose to make an investigation he cannot blame the complainant.

"We, therefore, come to the question, What does the reference in the contract to the survey mean? Defendant insists that it relates only to the size of the tract. Complainants contend that the reference binds the defendant to take the title in all respects exactly as shown on the survey. In order to ascertain the size of the plot it is absolutely necessary to look at the survey. The words 'being the premises located on the southwest corner of Plane and Academy streets,' in the contract standing alone, mean little. There is no indication as to frontage, depth, shape or character of buildings, if any. Thus, one must look to the survey for size. One so looking, especially an experienced real estate operator like the defendant, who has participated in a great number of similar transactions, could not help seeing the alleged encroachments. They are plainly marked on the survey. They are distinctly apparent even to one unversed in such matters. In the clause of the contract quoted above there are three specific references to the survey.

"Counsel for complainant has been kind enough to explain to the court the words 'better' and 'describe.' Thus, the court learns—perhaps for the first time—the following: 'Webster defines the word "describe" as follows: "To delineate or mark the form or figure, &c.; to draw a plan; to represent by lines or other marks on paper or other material; as to describe the surface of the earth by a map or chart."' *18 Corp. Jur.* defines the word 'describe' as follows: 'to set forth; to represent; to delineate; to express; to depict; to portray.' Funk and Wagnall's Standard Dictionary says: 'describe,' to give the characteristics of, as in words or by signs so that another may form a mental image or idea. Syn. Delineate—I. to draw an outline; represent by sketch or diagram; II. to represent pictorially, &c.; to give a mental picture of, to depict, describe, draw figure, paint picture, portray, represent, sketch, &c.' Webster says of the word 'better,' the primary sense is 'more' or 'advanced further.' The words better described, therefore, mean more fully delineated, more fully pictured or painted.

"The opinion of at least one of these distinguished lexicographers has been affirmed by the court of errors and appeals. In the case of *Boynton Real Estate Co.* v. *Woodbridge, 109 Atl. Rep. 514,* Mr. Justice Black, speaking for the court, says: 'To "describe means to narrate, express, explain—Webster's Dictionary." This was a case in which the court considered an ordinance which provided that a notice should "briefly describe the purposed improvement." ' In the opinion of the supreme court, in that case, Mr. Justice Bergen says: 'I am of the opinion that the character of the work should appear either by some plan or specification to which a person interested may refer, or sufficiently described in the ordinance.'

"I believe, therefore, that defendant's definition, that is, that the reference to the survey is for size only, is entirely too narrow. He is a man of large real estate experience, signed the contract freely, without any fraudulent misrepresentations, and if he had wished could have studied the survey before signing. I am of the opinion that the contract means that the defendant shall take the property in exact accordance with the survey referred to in the contract, alleged encroachments included.

"Defendant's counsel announced at the hearing that no abatement in price would be asked for any alleged encroachment, and no proof was offered that the matters and things indicated in the survey are actually unlawful. Therefore, it is unnecessary to discuss that question.

"I will advise a decree directing specific performance."

*Mr. Benjamin M. Weinberg,* for the respondents.

*Mr. Maurice A. Maurer,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MIN-
TURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD,
VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.   12.

*For reversal*—None.